Peaesos, C. J.
 

 The allegation offfraud, on the part of the defendant, Howard, in stating the prices and quality of the goods, received by the plaintiff, is denied, and, as the plaintiff is so unfortunate as to be unable to offer any evidence, this part of the bill fails for the want of proof.
 

 The plaintiff further alleges, that being bound as the surety of Howard for several large debts, amounting to about $3000, and becoming apprehensive of loss on account of Howard’s embarrassed condition, it was agreed that he should take of Howard’s goods to that amount and apply the price to the payment of the debts for which he was bound as surety, and account to Howard for the excess, should there be any, and that he has accordingly paid off the debts and offered to pay the excess to Howard, but that Howard, in the mean time, under pretense that the plaintiff was indebted to him for the price of the goods, has assigned the claim to the other defendant, Jackson, in trust, to collect and pay it over to the other creditors of Howard, and that Jackson has commenced an action, at law, in the name of Howard. The prayer is for an account, in order to ascertain the excess of the price of the
 
 *41
 
 goods over the debts, which the plaintiff has paid, and for an injunction as to the balance of the price.
 

 Howard admits that, being in failing circumstances, at the request of the plaintiff, he proposed to secure the payment of the debts, for which the plaintiff was bound as his surety, and with that view, “ he sold to the plaintiff a bill of goods, to the amount of about $3220, to b
 
 & paid for on clelwery ; the proceeds
 
 of the said sale, to be
 
 applied
 
 by
 
 Howard
 
 in the liquidation of said debts, so far as was necessary,” but he avers that the plaintiff, after he got possession of the goods, refused to pay the price to him, and insisted upon being allowed to make the application himself to the liquidation of the debts, and .thereupon he (Howard) assigned the debt to Jackson, in trust, for other creditors.
 

 The parties agree as to the essential fact, that the object of dealing was to save the plaintiff from loss by securing the payment of the debts for which he was bound as surety ; but they differ in respect tonvhether the plaintiff, or Howard, was to make the application of the money, and the plaintiff being so imprudent as to neglect to provide evidence of the transaction, must be content to abide by Howard’s version of it. So the question is, does that establish an equity in favor of the plaintiff? "We think it does. ' Howard admits a trust. He was to receive the money, in-trust, to apply it to the liquidation of the debts for which the plaintiff was bound. Did the refusal of the plaintiff to pay the money over to him, discharge him from the trust, so that he could, in conscience, collect the money from the plaintiff and apply it to the payment of other debts, or assign it to a trustee for that purpose? "We can see no principle upon which he was relieved from a performance of the trust and acquired a right to apply the fund to a purpose different from that for which it was created, and to which it was devoted. On the contrary, as the plaintiff made known to Howard his intention to apply the money to the payment of the debts, whereby the main obj ect of the dealing would be accomplished, and the trust undertaken by Howard be performed, so far as he did so, he did the very
 
 *42
 
 tiling that Howard was bound to do, and in taking an account of the fund, is clearly entitled to a credit for the amount so. paid. Indeed, if Howard intended honestly to apply the money according to the trust, it could make no sort of difference whether it was done by himself or by the plaintiff, and his making so immaterial a matter a pretext for an attempt to misapply the fund and a color for a breach of trust, raises an inference much to his prejudice, and tends to show that the trust has been executed more truly than it probably would have been, had his anxiety to get hold of the money been gratified.
 

 There will be a reference to state the account upon the basis of the list of prices, &c., made when the goods were received.
 

 Pjsb CuRiAM, Decree accordingly.